UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JOHN ERIC PARKS,<br><br>  Plaintiff,<br><br>v.<br><br>DEPARTMENT OF CORRECTIONS –<br>MCF WR / ML, JOAN FABIAN, DAN<br>HILLEREN, BECKY DOOLEY, SANDY<br>O'HARA, LT. TOM KOCH, SGT. GERRY<br>SPIESS, LT. PAUL MICKELSON,<br>ANGELA BRAUN, DAVID HAGEMANN,<br>TIM STROM, DAVID MELDE, CPT. BILL<br>HENDRICKSON and SHERYL LILYA,<br><br>  Defendants. | Civil No. 09-3514 (PAM/JSM)<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff, a Minnesota state prisoner, commenced this action by filing a complaint seeking relief under 42 U.S.C. § 1983. The case has been referred to this Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1]

For the reasons discussed below, the Court finds that Plaintiff has failed to plead an actionable claim for relief against at least four of the fourteen Defendants listed in the caption of his complaint. The Court will therefore recommend that this action be dismissed as to those four Defendants, pursuant to 28 U.S.C. § 1915A(b).

---

[1] When Plaintiff commenced this action, he did not tender the $350.00 filing fee required by 28 U.S.C. § 1914(a), but he instead applied for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a). (Docket No. 2.) Plaintiff's IFP application is being granted by a separate order entered contemporaneously with this Report and Recommendation. Therefore, the matter is properly before the Court at this time for screening pursuant to § 1915A.

## I. BACKGROUND

Plaintiff alleges that he has been subjected to a series of unconstitutional disciplinary proceedings during his confinement at the Minnesota Correctional Facility – Moose Lake / Willow River, ("MCF-ML/WR").  He is presently attempting to sue various prison officials employed at MCF-ML/WR, who allegedly played various roles in the disciplinary proceedings described in his complaint.  Plaintiff is also attempting to sue the Minnesota Department of Corrections, ("DOC"), the Commissioner of the DOC, Defendant Joan Fabian, and the Warden at MCF-ML/WR, Defendant Dan Hilleren.

Plaintiff claims that all of the fourteen named Defendants violated his federal constitutional rights during the course of the disciplinary proceedings described in his complaint.  He is seeking a judgment against the various Defendants for compensatory and punitive damages.

## II. DISCUSSION

Because Plaintiff is a prisoner who is attempting to sue governmental actors, his pleading is subject to initial "screening" pursuant to 28 U.S.C. § 1915A.  That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental employees or entities "before docketing, if feasible or, in any event, as soon as practicable after docketing."  28 U.S.C. § 1915A(a).  The Court must determine which aspects of the pleading are actionable and should be allowed to proceed.  To the extent that a prisoner's pleading fails to state an actionable claim, it must be summarily dismissed pursuant to § 1915A(b).

To state an actionable claim for relief, a complaint must allege a set of historical facts, which, if proven true, would entitle the plaintiff to a judgment against the defendants under some cognizable legal theory. While federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added). See also, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ('[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"); Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

To state an actionable civil rights claim under 42 U.S.C. § 1983, as Plaintiff is attempting to do here, a complainant must allege a set of historical facts, which, if proven true, would demonstrate that the named defendants violated the complainant's federal constitutional rights while acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Furthermore, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution. Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); Speed v. Ramsey County, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (same). In other words, civil rights claimants must plead facts showing each named defendant's personal involvement in alleged constitutional wrongdoing. Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999). See also Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of civil rights claims, because plaintiff's complaint "failed to allege sufficient personal involvement by any of defendants to support such a claim"). Thus, in order to state an actionable § 1983 claim,

a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, while acting under color of state law, which purportedly violated the plaintiff's federal constitutional rights.

Here, Plaintiff has failed to state an actionable § 1983 claim against at least four of the fourteen Defendants that he is attempting to sue, because his complaint does not describe anything that any of those four Defendants did, or failed to do, that allegedly violated his constitutional rights.

Three of the named Defendants – the DOC, Commissioner Joan Fabian, and Warden Dan Hilleren – are never even mentioned in the "FACTS" section of the complaint. Plaintiff certainly has not described any specific act or omission by any of these three Defendants that could be viewed as a violation of his federal constitutional rights. Therefore, Plaintiff's complaint fails to state a cause of action against any of these three unmentioned Defendants.[2]

The Court also finds that Plaintiff has failed to state an actionable § 1983 claim against Defendant Lt. Tom Koch. Plaintiff alleges that he was "interrogated" by Defendant Koch in connection with one of the disciplinary proceedings at issue in this case. According

---

[2] It appears that Plaintiff might be attempting to sue these three Defendants simply because they are the employers or supervisors of other named Defendants who allegedly violated Plaintiff's constitutional rights. Plaintiff may be claiming that these Defendants should be held vicariously liable for the alleged misconduct of their employees or subordinates. However, any such claims must be summarily rejected, because it is well settled that the doctrine of respondeat superior is not applicable to § 1983 claims. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978).

The Court further notes that the DOC is an agency of the State of Minnesota, and it is therefore immune from § 1983 damage claims brought in federal court by reason of the Eleventh Amendment to the Constitution. Glick v. Henderson, 855 F.2d 536, 540 (8th Cir. 1988).

4

to the complaint, Defendant Koch was dissatisfied with Plaintiff's answers to certain questions that were posed to him, and Koch told Plaintiff that he "was obviously very skillful at eluding questions." (Complaint, p. 3, ¶ 19.) However, Koch clearly did <u>not</u> violate Plaintiff's constitutional rights merely because he was dissatisfied with Plaintiff's responses to certain questions, or because he told Plaintiff that he was skillful at eluding questions. Furthermore, the complaint does not describe any other acts or omissions by Defendant Koch that could be viewed as a violation of Plaintiff's constitutional rights. Thus, the Court finds that Plaintiff's complaint fails to state a § 1983 cause of action against Defendant Koch.

## III.  CONCLUSION

For the reasons discussed above, the Court will recommend that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915A(b), as to the DOC, Joan Fabian, Dan Hilleren, and Tom Koch. The Court will defer any ruling on the adequacy of Plaintiff's allegations against the other ten named Defendants. Plaintiff will be allowed to pursue his claims against those Defendants at this time, without prejudice to any defenses those Defendants may seek to raise in this matter.

## IV.  RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's claims against Defendants Minnesota Department of Corrections MCF WR / ML, Joan Fabian, Dan Hilleren, and Lt. Tom Koch, be dismissed pursuant to 28 U.S.C. § 1915A(b); and

5

2. Plaintiff's claims against the remaining Defendants in this case be allowed to proceed at this time, without prejudice to any defenses that those Defendants may later seek to raise.

Dated: December 14, 2009

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by December 28, 2009, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.