UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

John Eric Parks,                                        Civ. No. 09-3514 (PAM/JSM)

                Plaintiff,

v.                                                      **MEMORANDUM AND ORDER**

Becky Dooley, Sandy O'Hara,
Sgt. Gerry Spiess, Lt. Paul
Mickelson, Angela Braun,
David Hagemann, Tim Strom,
David Melde, Cpt. Bill
Hendrickson, and Sheryl Lilya,

                Defendants.

---

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Janie S. Mayeron dated February 11, 2011. In the R&R, the Magistrate Judge recommended that the Court grant summary judgment on all of the allegations in the Complaint save a First Amendment retaliation claim against Defendants Becky Dooley, Paul Mickelson, and Bill Hendrickson. Defendants filed timely objections to the R&R. According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, the Court adopts the R&R in part and determines that summary judgment is warranted on all of the claims in the Complaint.

Magistrate Judge Mayeron's R&R is an exceptional elucidation of this convoluted and difficult-to-decipher pro se Complaint. The Court will not attempt to describe the facts of this matter, for any attempt would pale in comparison to the R&R's thorough treatment of the issues.

Defendants disagree with the Magistrate Judge's conclusion on only one of those issues: the R&R determined that Plaintiff had raised a First Amendment retaliation claim against Defendants Dooley, Mickelson, and Hendrickson, and that summary judgment was not warranted on this claim against these Defendants.

First, Defendants point out that in Plaintiff's own "chart" describing his claims, he does not mention a First Amendment claim against Defendants Dooley, Mickelson, or Hendrickson. (See Pl.'s Resp. to Mot. to Dismiss (Docket No. 17) at 15.) Defendants also note that Plaintiff did not exhaust his administrative remedies with respect to the alleged retaliation claims against these three Defendants. Finally, Defendants contend that any First Amendment retaliation claim against these Defendants fails on the merits.

The R&R conceded that Plaintiff had not listed a First Amendment retaliation claim against these Defendants, but found, "based on defendants' analysis and on [Plaintiff's] arguments" that Plaintiff had stated a retaliatory discipline claim with respect to two of the three disciplinary incidents. (R&R at 49 n.23.) This Court has examined the pleadings, including Plaintiff's submissions in response to Defendant's Motion, and concludes otherwise. Especially given that Plaintiff did not include any First Amendment claim against these Defendants in his own description of his claims, the Court determines that Plaintiff did

2

not raise any First Amendment retaliation claims against Defendants Dooley, Mickelson, or Hendrickson.

Even if Plaintiff did intend to raise such claims, however, those claims would not be cognizable because Plaintiff did not exhaust his administrative remedies with respect to any retaliation claims against these Defendants. The R&R sets forth the appropriate grievance procedures for inmates in Minnesota correctional facilities, such as Plaintiff. (R&R at 31-33.) There is no indication in the record that Plaintiff filed any grievance alleging retaliation against any of these Defendants. Thus, as with Plaintiff's other unexhausted claims (see id. at 33-34), any retaliation claims against these three Defendants are barred for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a). (Id. at 35.)

Accordingly, **IT IS HEREBY ORDERED that**:

1. The Report and Recommendation (Docket No. 21) is **ADOPTED in part**;

2. Defendants' Motion to Dismiss or for Summary Judgment (Docket No. 11) is **GRANTED**; and

3. The Complaint (Docket No. 1) is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: Tuesday, March 8, 2011

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge